IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                      CRIMINAL NO. 3:11cr11DCB-FKB

MICHAEL LONG PARKERSON                                                          DEFENDANT

## PRELIMINARY ORDER OF FORFEITURE

On June 14, 2011, defendant **MICHAEL LONG PARKERSON**, pled guilty to Counts 1 and 3 of the Indictment filed in the above styled cause.

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea on Counts 1 and 3 of the Indictment, for which the Government sought forfeiture pursuant to 18 U. S. C. § 2253, the defendant, **MICHAEL LONG PARKERSON** shall forfeit to the United States all property constituting, or derived from, proceeds/gross proceeds the defendant obtained directly or indirectly, as the result of such violations, and/or all property involved in or traceable to such violations, and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

2. Based on the government's factual recitation during the plea colloquy and the allegations included in the government's motion, the Court finds that the following property is subject to forfeiture pursuant to, 18 U. S. C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure, and that the defendant has an interest in such property and that the Government has established the requisite nexus between such property and such offense. Therefore the Court finds that the property described below shall be forfeited to the United States:

  (1) Hewlett Packard Pavilion, Model DV2500, serial number 2CK8143ZFC;
  (2) Samsung hard drive, serial number S16YJDQ300534;
  (3) Memorex Digital Versatile Disk (DVD) with no label;
  (4) Dell Dimension E310, serial number CROKL91;
  (5) Western Digital hard drive, serial number WD-WMAM9r545695;
  (6) Seagate external hard drive, serial number 2GEXPRX8;
  (7) Seagate hard drive, serial number 5VP2XOCD;
  (8) Seagate Free Agent external drive, serial number 2G312KVH;
  (9) Western Digital external hard drive, serial number WXEZ06649619;
  (10) Fujifilm Digital Camera, Model FinePix Z33WP, serial number 9U133606;
  (11) SanDisk 4 Gigabyte (GB) Secure Digital Hi-density Card (SDHC);
  (12) Blue and Silver Ativa 8GB thumb drive;
  (13) SanDisk Cruzer 1GB thumb drive;
  (14) Plastic case containing two Secure Digital (SD) cards;
  (15) Kadak 256 Megabyte (MB) SD cards;
  (16) PNY Technologies 2GB SD card;
  (17) Seagate internal 120 (GB) hard drive, serial number 5PL2AWP5;
  (18) Hewlett Packard Pavilion dv2000 laptop, serial number 2CE6392QK6;
  (19) Sony VAIO PCV-RX360DS desktop CPU, serial number 2CD6392QK6;
  (20) Seagate hard drive, serial number 7EF1243F; and
  (21) Dorling Kindersley Limited DVD labeled as "Dinosaur Atlas".

  3. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

  4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.  No such notice is required to the extent that this Order consists solely of a money judgment against the defendant.  Rule 32.2(c)(1).

  5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.   Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.   The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

10.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

SO ORDER AND ADJUDGED this __17th__ day of __November__, 2011.


      __s/ David Bramlette__
      UNITED STATES DISTRICT JUDGE